IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANDON LEE WILLIAMS | ) |
| Plaintiff, | ) |
| v. | ) 2:cv-2017- 805-WC |
| | ) JURY DEMAND |
| THE CITY OF MONTGOMERY; DAVID E. SHIRAH; MATTHEW D. GEIER; BLAKE F. HICKS; in their individual capacity as police officers employed with The City of Montgomery & its police department, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW**, Plaintiff Brandon Lee Williams, by and through his undersigned counsel, and for want of prosecution, files this complaint against defendants City of Montgomery, David E. Shirah, Matthew D. Geier and Blake F. Hicks, in the above-styled cause:

### THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff is over the age of nineteen (19) years and a bona fide resident of Montgomery, Alabama. The plaintiff avers that he is an African-American, that is to say his ethnicity is that which is said to be black. All actions complained of herein by the plaintiff against the defendants occurred in Montgomery County, Alabama.

2. Defendant City of Montgomery is a municipality, duly organized and existing pursuant to the laws of the State of Alabama. At all times material hereto, the City of Montgomery operates Montgomery Police Department and is the employer of Defendants Matthew D. Geier, Blake F. Hicks and David E. Shirah.

3. Upon information and belief, Defendants Matthew D. Geier, Blake F. Hicks and David E. Shirah are over the age of nineteen (19) years and are residents of Montgomery County, Alabama and are citizens of the United States. At all times material hereto, Defendants are employed as police officers with the City of Montgomery, Alabama and are being sued in their individual capacity. At all times material hereto, the actions of Defendants Hicks, Geier and Shirah as complained of herein, occurred within the line and scope of their employment with the City of Montgomery.

4. Defendants' actions as complained of herein and which proximately caused the plaintiff's damages occurred within Montgomery County, Alabama. Defendants City of Montgomery and Defendants Matthew D. Geier, Blake F. Hicks and David E. Shirah are subjected to this Court's jurisdiction. Jurisdiction of this court is invoked pursuant to, and in accordance with, the provisions of Title 28 U.S.C. §§ 1331 and 1343 this being an action to redress for damages and there being a federal question, specifically pertaining to the plaintiff's civil rights as secured and guaranteed by the Constitution and laws of the United States of America as enforced through Title 42 U.S.C. § 1983. The plaintiff invokes the court's pendent, ancillary or supplemental jurisdiction to hear his claims pled herein that arise solely under Alabama state law.

5. Venue properly in this judicial district pursuant to Title 28 U.S. C. § 1391(b).

### III.

### ALLEGATIONS OF FACT

6. On or about November 30, 2015, the plaintiff avers that he was at his

residence, 6812 Briar Gate Court, Montgomery, Alabama. The plaintiff avers that he has a privacy interest in his residence.

7. Plaintiff avers that defendants Matthew D. Geier, Blake F. Hicks and David Shirah, acting within the line and scope of their employment, came to his residence inquiring of the whereabouts of Braxton Williams. The plaintiff avers that the Defendants Geier, Shirah and Hicks represented that they had an arrest warrant for Braxton Williams. The plaintiff avers that Defendants Geier, Shirah and Hicks did not have a search warrant to enter the plaintiff's premises and/or residence of 6812 Briar gate Court, Montgomery, Alabama. Notwithstanding the defendants lacking a search warrant, the plaintiff avers that defendants Shirah, Geier and Hicks entered the plaintiff's residence and demanded that the plaintiff identify himself. The plaintiff avers that he represented to the defendants that he is Brandon Williams to which the defendants responded that he was lying and they represented that to the contrary he was in fact Braxton Williams. The defendants, Geier, Shirah and Hicks proceeded to effectuate an unlawful warrantless arrest of the plaintiff and in so doing subjected the plaintiff to bodily injury, the use of excessive and deprivation of life and liberty without due process of law.

8. Plaintiff avers that he was detained, arrested, jailed, release on bond and subsequently prosecuted on criminal harassment.

9. Plaintiff avers that on or about April 19, 2016, he was vindicated of his criminal prosecution.

10. Plaintiff avers that at all times material hereto, defendants Geier, Hicks and Shirah were acting within their employment capacity as a law enforcement officer

with the City of Montgomery Police Department and were performing a ministerial duty as opposed to a discretionary function.

11.     Plaintiff avers that Defendants Geier, Shirah and Hicks were acting under color of State law, statute, ordinance, regulation, custom or usage. Defendants Geier, Shirah and Hicks proceeded to effectuate a warrantless arrest of the plaintiff, charging the plaintiff with a crime that he did not commit. To the contrary, plaintiff avers that Defendants Geier, Shirah and Hicks arrested him without probable cause and beyond their legal authority because they believe that he was Braxton Williams, notwithstanding his having told them that he was Brandon Williams. Plaintiff avers that the defendants did not request of him proof of his identity even if they believed that he was Braxton Williams and not Brandon Williams.

12.     Plaintiff avers that Defendants Matthew Dale Geier, Blake F. Shirah and David Hicks acted with bad faith in effectuating his arrest and filing the criminal charge against him because he overheard them talking amongst themselves at the police department that they "messed up" in arresting him but that "we have to now charge him with something".

13.     Plaintiff avers that as a direct and proximate cause of the actions of the defendants Hicks, Geier and Shirah, he was assaulted, battered, falsely arrested, falsely imprisoned and maliciously prosecuted. Indeed, the plaintiff avers that the defendants subjected him to such excessive force, without dignity and such inhumane treatment such that hauled him off to jail without shirt and shoes, wearing his underwear and a shorts.

14.     The plaintiff avers that as a direct and proximate cause of the actions of the defendants he was caused to suffer a gross violation and deprivation of civil rights,

privileges and/or immunities guaranteed and secured unto him by the Constitution and laws of the United States and the State of Alabama.

15. The plaintiff avers that he has no prior criminal history.

## COUNT I

Plaintiff avers that Defendants Hicks, Geier and Shirah, acting under Gestapo tactics and pretenses, subjected him to civil rights violation, deprivation of rights secured and guaranteed to him by the Constitution and laws of the United States, including, unlawful entry of his home without a search warrant, unlawful search and seizure of his person, the use of excessive force and deprivation of life, liberty and due process of law and equal protection of law. These constitutional law claims are being asserted pursuant to the Fourth and Fourteenth Amendment as enforced by Title 42 U.S.C. Section 1983.

16. Plaintiff avers that at all times material hereto Defendants Hicks, Geier and Shirah, had no probable cause to believe that he had engaged in any criminal conduct for effectuating a warrantless arrest of his person.

17. Plaintiff avers that at all times material hereto, the defendants' actions were in accordance with a policy, custom and practices of race discrimination and racial profiling of African-Americans, including, but not limited to, the plaintiff and his arrest and prosecution were solely the product of racial profiling and overt discrimination on the basis of the plaintiff's race. Indeed, plaintiff avers that the City of Montgomery has a history dating back many years to the present, of engaging in acts of the use of excessive force, engaging in acts of police brutality and even violating the rights of African-Americans relative to the criminal justice system and particularly the administration of justice by the City of Montgomery Municipal Court.

18. Plaintiff avers that the actions of Defendants Hicks, Geier and Shirah amounts to false imprisonment, racial profiling, and unlawful search and seizure, the use of excessive force in violation of rights secured and guaranteed to the plaintiff by the Constitution and laws of the United States of America and the laws of the State of Alabama, including but not limited to, Alabama Municipal Tort Liability Act.

19. Plaintiff avers that the actions of Defendants Hicks, Geier and Shirah were conducted in bad faith, maliciously, willfully, illegally, fraudulently and beyond their lawful authority.

20. Plaintiff avers that the actions of Defendant Hicks, Geier and Shirah violated clearly established law as to the plaintiff's civil rights as secured and guaranteed by the Constitution and laws of the United States.

21. Defendant Hicks', Geier's and Shirah 's actions violated the plaintiffs' rights under the Fourth Amendment of the United States Constitution, to be secure and protected from unreasonable warrantless searches and seizures, the use of excessive and the Fourteenth Amendment relative to Equal Protection of the law as the same are substantively enforced through Title 42 U.S.C. Section 1983.

22. The actions of Defendants Hicks, Geier and Shirah were done under color of state law, ordinance, statute, or regulation, in deprivation of rights secured and guaranteed to the plaintiffs by the Constitution and laws of the United States, as guaranteed by the Fourth and Fourteenth Amendments and enforced by Title 42 U.S.C. § 1983.

23. Plaintiff avers that he has suffered damages as a direct and proximate result of the actions of defendants Hicks, Geier and Shirah and the City of Montgomery.

**WHEREFORE, PREMISES CONSIDERED**, the plaintiff demands judgment against the defendants Hicks, Geier and Shirah and the City of Montgomery, separately and severally and seek damages for said deprivation of constitutional rights secured and guaranteed to the plaintiff in an amount that the trier of fact may assess, plus interest and costs. Further, pursuant to Title 42 U.S.C. § 1988, plaintiff seeks to recover his costs and attorney's fees for bringing this action.

## COUNT II

**MUNICIPAL TORT LIABILITY, *ALA. CODE 1975*, § 11-47-190**

Plaintiff incorporates all the allegations contained in paragraphs one (1) through twenty-three (23) of this complaint, and will further show unto this Honorable Court to-wit:

24. Plaintiff avers that Defendants Hicks, Geier and Shirah acted negligently, carelessly and/or unskillfully when they subjected the plaintiff to a warrantless arrested without probable cause, bodily injury, incarceration and subsequent criminal prosecution.

25. Plaintiff avers that at all times material hereto, Defendants Hicks, Geier and Shirah were employees of the City of Montgomery and a law enforcement officer, acting within the line and scope of his employment.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands judgment against Defendant City of Montgomery, with respect to the negligence of its employees pursuant to *Ala. Code 1975*, § 11-47-190, in an amount that the trier of fact may assess, plus interest and costs.

## COUNT III

### *FALSE IMPRISONMENT*

Plaintiff incorporates all the allegations contained in paragraphs one (1) through twenty-five (25) of this complaint, and will further show unto this Honorable Court to-wit:

26. Plaintiff avers that the actions of Defendants Hicks, Geier and Shirah subjected the plaintiff to unlawful detention, without probable cause and thereby depriving him of his liberty.

26. Plaintiff avers that Defendants Hicks, Geier and Shirah's arrest, detention and incarceration of his person was not pursuant to any legal cause or process and without justification.

27. As a direct and proximate result of defendants' interference with the plaintiff's persons and deprivation of his liberty, the plaintiff has suffered damages for which Alabama law provides a cause of action for false imprisonment as set forth in *Ala. Code, 1975* § 6-5-170.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands judgment against the defendants Hicks, Geier and Shirah in an amount that the trier of fact may assess, plus interest and costs.

## COUNT IV

### *ASSAULT & BATTERY*

Plaintiff adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through twenty-seven (27) of this complaint, as if the same were fully set forth herein and further say as follows:

28. Plaintiff avers that the actions of the defendants Hicks, Shirah and Geier as complained of herein subjected him to an offensive touching, harm and bodily injury.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands judgment against the defendants Hicks, Shirah and Geier jointly and severally in an amount that the trier of fact may assess, plus interest and litigation costs and expenses.

## COUNT V

### *MALICIOUS PROSECUTION*

Plaintiff adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through twenty-eight (28) of this complaint, as if the same were fully set forth herein and further say as follows:

29. The plaintiff avers that the defendants Shirah, Hicks and Geier arrested and subjected him to criminal prosecution on allegations of harassment. The Plaintiff denies that he was guilty of having committed the crime of harassment or that he had otherwise committed any criminal conduct or engaged in criminal malfeasance. Indeed, he has not been adjudicated guilty of the same. The City of Montgomery Municipal Court entered an Order dated April 19, 2016 adjudicating the criminal prosecution of the plaintiff "nol-prossed".

30. Plaintiff avers that the actions of Defendants Shirah, Hicks and Geier were reckless, deliberate and malicious.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands judgment against Defendants Hicks, Geier and Shirah, separately and severally in an amount that the trier of fact may assess, plus interest and litigation costs and expenses, for proximately causing him damages having subjected him to malicious prosecution.

Respectfully submitted,

/s/ Amardo Wesley Pitters
**Amardo Wesley Pitters, Esquire**
**Counsel for the Plaintiff**
**Attorney Bar Code: 8998-T64A**

OF COUNSEL:

*A. WESLEY PITTERS, P.C.*
1145 South Perry Street (36104)
Post Office Box 1973
Montgomery, Alabama 36102-1973
Telephone: (334) 265-3333
Telecopier: (334) 265-3411
Email: awpitters@pitterslawfirm.com

/s/ William Howard Turner
**William Howard Turner, Esq.**
**Attorney for the Plaintiff**

WILLIAM HOWARD TURNER, ESQUIRE
ATTORNEY-AT-LAW
449 South McDonough Street
Montgomery, Alabama 36104
Telephone: (334) 265-7818
Telefax: (334) 265-7860

**PLAINTIFF DEMANDS A TRIAL BY JURY.**